**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JHAN RODRIGUEZ SUAREZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **J. L. JAMISON, Warden of Philadelphia** | : | |
| **Federal Detention Center, and JOHN E. RIFE,** | : | |
| **Acting Field Office Director, Immigration and** | : | |
| **Customs Enforcement, Enforcement and** | : | |
| **Removal Operations, Philadelphia Field Office,** | : | |
| **MARKWAYNE MULLIN, Secretary of the** | : | |
| **Department of Homeland Security, TODD** | : | |
| **BLANCHE, Acting U.S. Attorney General, U.S.** | : | |
| **DEPARTMENT OF HOMELAND SECURITY,** | : | |
| **EXECUTIVE OFFICE OF IMMIGRATION REVIEW** | : | **NO. 26-2489** |

## <u>ORDER</u>

**NOW**, this 23rd day of April, 2026, upon consideration of Petitioner Jhan Rodriguez

Suarez's Petition for Writ of Habeas Corpus (Doc. No. 1), the government's opposition,

and finding that Rodriguez Suarez is not subject to mandatory detention under 8 U.S.C.

§ 1225(b), **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1.      The government shall release Rodriguez Suarez from custody immediately

and certify compliance with this order by filing proof of his release on the docket no later

than **6:00 P.M. E.T.** on **April 23, 2026**.

2.      The government shall return all personal belongings confiscated from

Rodriguez Suarez upon his detention, including identification documents.

3.      The government is temporarily enjoined from redetaining Rodriguez Suarez

for seven days following his release from custody.

4.      If the government seeks to detain Rodriguez Suarez again, after seven days of his release, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

5.      The government shall not remove, transfer, or otherwise facilitate the removal of Rodriguez Suarez from the Eastern District of Pennsylvania prior to the ordered bond hearing.

6.      If the immigration judge determines Rodriguez Suarez is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Rodriguez Suarez if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.[1]

TIMOTHY J. SAVAGE, J.

---

[1]Petitioner Jhan Rodriguez Suarez is a citizen of Colombia. Pet. Writ Habeas Corpus ["Pet."] ¶ 17, ECF No. 1. He entered the United States without inspection on February 14, 2023. *Id.* ¶ 17; Resp. Opp'n Pet. Habeas Corpus ["Resp."] 7, ECF No. 4. He was detained by Department of Homeland Security (DHS) officers and processed for expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). Resp. 1. Rodriguez Suarez claimed he feared return to Colombia. Pet. ¶ 19. DHS found the fear credible and placed him in standard removal proceedings under 28 U.S.C. § 1229a. Resp. 1, 7. He was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). *Id.* Subsequently, Rodriguez Suarez attended all scheduled hearings and check-ins with Immigration and Customs Enforcement (ICE). Pet. ¶ 19. He also applied for asylum. *Id.* Rodriguez Suarez was detained by DHS officials during a scheduled check-in at the DHS Philadelphia Field Office, while accompanied by his 14-year-old Lawful Permanent Resident daughter. *Id.* ¶ 20.

The government contends that Rodriguez Suarez's parole has since automatically terminated. Resp. 2. It argues Rodriguez Suarez's prior release on parole, and the subsequent termination of that parole, does not affect his detention status and that he is lawfully subject to mandatory detention under § 1225 without eligibility for bond. Resp. 1, 11.

Rodriguez Suarez was granted parole pursuant to 8 U.S.C. § 1182(d)(5). Mandatory detention under 8 U.S.C. § 1225(b) does not apply.

We recognize that the government may, in certain circumstances, terminate parole granted under § 1182(d)(5). If it does, it must first provide written notice of its determination that the purpose of parole was accomplished or that "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States." 8 C.F.R. § 212.5(e)(2)(i); *see Villarreal Torres v. Jamison*, No. 26-cv-2000

3

---

(E.D. Pa. Apr. 7, 2026);  *Vasquez Diaz v. Rose*, No. 26-cv-342 (E.D. Pa. Feb. 10, 2026); *Talabadze v. Rose*, No. 26-cv-360 (E.D. Pa. Jan. 30, 2026); *Sadykov v. Rose*, No. 26-cv-86 (E.D. Pa. Jan. 16, 2026). The government must also provide the alien resident with a meaningful opportunity to respond to its decision to terminate parole.

Where parole is granted pursuant to § 1182(d)(5), DHS must comply with the procedural requirements of 8 C.F.R. § 212.5(e) before parole may be deemed terminated and mandatory detention reimposed.